IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Troy Eugene Barton, #295182, | ) | C/A No.: 1:10-289-CMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden Michael McCall, Perry | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Troy Eugene Barton filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Respondent's motion for summary judgment and return [Entry #19, #20], and Petitioner's motions for summary judgment [Entry #12, #18, #27]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. [Entry #22]. Petitioner filed a response in opposition to Respondent's motion. [Entry #26]. Likewise, Respondent filed responses to Petitioner's motions. [Entry #21, #28]. Having carefully considered the parties' submissions and the record in this case, the court finds that Respondent's motion for summary judgment should be granted, and Petitioner's motions for summary judgment should be denied.

I.      Background

    A.      Factual Summary

Following is a summary of facts as stated by the solicitor and agreed upon by Petitioner at his plea hearing: On May 10, 2005, at approximately 6:40 p.m., the victim noticed that the cover of his boat had been removed. [App. at 6–7].[1] As the victim approached the boat, he noticed Petitioner inside of his vehicle. [App. at 7]. The victim pulled Petitioner out of the vehicle. *Id.* At the time, Petitioner had a hammer in his hand. *Id.* Petitioner requested the keys to the vehicle and threatened to shoot the victim. *Id.* The victim told Petitioner he did not believe Petitioner had a gun, and a fight ensued. *Id.* Petitioner struck the victim at least three times with the hammer. *Id.* The victim yelled to a neighbor for help.  *Id.* Pictures of the victim's injuries were introduced at the plea hearing. *Id.* Further investigation showed that Petitioner entered the vehicle by breaking into the passenger side window. [App. at 7–8].  While inside, Petitioner destroyed the dashboard and the ignition switch. [App. at 8]. He also destroyed the fuse box and internal wiring of the vehicle. *Id.* The victim also noticed that different tools and a case of beer that he kept in his garage were beside the vehicle, and that the garage door was open. *Id.* The victim also noted that he saw his cabinets and refrigerator were open. *Id.* The approximate damage to the vehicle was $954. *Id.* Later, a second victim found Petitioner

---

[1]Citations to "App." refer to the appendix in Petitioner's appeal of the denial of his application for post-conviction relief to Supreme Court of South Carolina.  That appendix is available at Entry #20-1.  Citations are to page numbers of the appendix itself, not the page numbers ascribed to Entry #20-1.

in her garage. [App. at 8–9. She asked what he was doing. [App. at 9]. It appeared to her that he was trying to get into her vehicle. *Id.* She was able to identify Petitioner in a photo lineup. *Id.* Petitioner was later arrested after a couple who gave him a ride to a gas station and restaurant flagged down a police officer. *Id.* The first victim identified Petitioner at the gas station. *Id.*

        B.     Procedural Background

In June 2005, Petitioner was indicted by the Spartanburg County Grand Jury during the June 27, 2005 Term of the Court of General Sessions for Burglary, First Degree (2005-GS-42-2333), Attempted Armed Robbery (2005-GS-42-2334), Breaking Into Motor Vehicle (2005-GS-42-2330), and Malicious Injury to Personal Property (2005-GS-42-2331); and during the August 29, 2005 Term of the Court of General Sessions for Breaking Into Motor Vehicle (2005-GS-42-3428). [App. at 24–33]. Petitioner was represented by James Hatcher, Esquire, Assistant Public Defender for Spartanburg County. [App. at 1–23].

On February 7, 2006, Petitioner pleaded guilty to all five charges before the Honorable J. Mark Hayes, II, Circuit Court Judge, who sentenced Petitioner to (1) 20 years confinement on the first degree burglary conviction, (2) 20 years on the attempted armed robbery conviction, and (3) five years on each of the two breaking into motor vehicle convictions and the malicious injury to personal property conviction, all to be served concurrently. [App. at 21–22].

Petitioner timely filed a Notice of Appeal on February 9, 2006, and was represented by Robert M. Dudek, Esquire, Assistant Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. [Entry #20-1]. By letter dated June 9, 2006, and through his attorney, Petitioner filed an affidavit in which he waived his direct appeal. [Entry #20-3]. On June 15, 2006, the South Carolina Court of Appeals issued an Order of Dismissal and Remittitur, noting that Petitioner, with full understanding of all possible consequences of this action and with agreement of counsel, wished to withdraw the appeal and had moved the court for an Order dismissing the appeal. [Entry #20-4].

Petitioner filed an Application for Post-Conviction Relief (PCR) on August 8, 2006, asserting that (1) the plea was conditional because the plea judge allegedly added a condition by requiring that Petitioner have no contact with the victims upon release; (2) counsel was ineffective in advising him to plead guilty because the factual statement provided by the solicitor was not corroborated by the victim's testimony at the plea hearing; (3) his plea violated *Boykin v. Alabama*, 395 U.S. 238 (1969),[2] because he was not informed of the minimum and maximum sentences he could receive and he was not informed of the elements of the crimes to which he was pleading guilty. The State filed

---

[2] *Boykin v. Alabama*, 395 U.S. 238 (1969), requires that, for a guilty plea to be entered voluntarily and knowingly, the record must establish the applicant had a full understanding of the consequences of his plea and the charges against him. 395 U.S. at 243. In *Boykin*, the Court held that before a court can accept a guilty plea, an applicant must be advised that by pleading guilty, he waives the following constitutional rights: the privilege against self-incrimination, the right to a jury trial, and the right to confront one's accusers. *Id.*

its Return on October 31, 2006. [Entry #20-5].  On February 8, 2007, Petitioner amended his PCR application to assert 31 different claims of ineffective assistance of counsel. [Entry #20-6].

On April 16, 2007, an evidentiary hearing was held before the Honorable Roger L. Couch, Special Circuit Court Judge, at which Petitioner testified and was represented by Rodney W. Richey, Esquire.  Petitioner's trial counsel also testified at the PCR hearing. Petitioner's counsel stated that he wished to go forward on two allegations of ineffective assistance of counsel: failure to advise Petitioner of the elements of the charges and failure to advise Petitioner of the maximum and minimum sentences of the charged crimes.  [App. at 68].

On June 12, 2007, the PCR court filed its Order of Dismissal, [App. at 67–72], finding that Petitioner failed to carry his burden of showing ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 694 (1985), and denied his PCR application. [App. at 71].

Petitioner timely filed his Notice of PCR Appeal on June 18, 2007. [Entry #20-7]. On appeal, he was represented by Kathrine H. Hudgins, Esquire, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. Petitioner's appeal was perfected with the filing of a *Johnson*[3] Petition for Writ of

---

[3]  *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988) (applying the factors of *Anders v. California*, 386 U.S. 738 (1967), to post-conviction appeals).  *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after

Certiorari, in which counsel argued the guilty plea was rendered involuntary by counsel's unrealistic request for a five-year sentence for a burglary first degree charge. [Entry #20-8]. Petitioner also filed a pro se Response to the *Johnson* Petition, in which he argued his plea was conditional, plea counsel erred for advising him to plead guilty when the solicitor's statement of facts did not match the victim's statement at the plea hearing, and the plea failed to comply with *Boykin v. Alabama* because he alleges he was not informed of the minimum and maximum sentences he faced and he was not aware of the elements of the crimes to which he pled guilty. [Entry #20-9].

In an Order filed July 11, 2008, the South Carolina Supreme Court transferred Petitioner's case to the South Carolina Court of Appeals. [Entry #20-10]. In an Order filed May 29, 2009, the South Carolina Court of Appeals issued an Order that denied the Petition for Writ of Certiorari, and granted counsel's petition to be relieved. [Entry #20-11]. The Remittitur issued on June 16, 2009. [Entry #20-12]. Petitioner did not appeal the decision of the Court of Appeals to the Supreme Court. He filed this habeas petition on February 4, 2010.

II.    Discussion

    A.    Federal Habeas Issues

Petitioner raises the following issues in his federal petition for a writ of habeas corpus:

———————————————

providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

**Ground One:** Involuntary Confession Used Against Accused.

> Supporting Facts: Guilty plea was rendered involuntary by counsel's unrealistic request for a five year sentence for burglary first degree charge.

**Ground Two**: Ineffective Assistance of Counsel for Erroneous Plea Advice

> Supporting Facts: Counsel's unrealistic request for a five year sentence for a Burglary first degree

**Ground Three**: *Boykin* Violations

> Supporting Facts: Guilty plea rendered involuntary by counsel's unrealistic request for sentencing guidelines, a five year sentence for a burglary first degree charge, P.C.R. judge fail to address this matter during P.C.R Trial.

[Entry #1].

B.    Summary Judgment Standard

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other

materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

C.      Habeas Corpus Standard of Review

1.      Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to,

or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254 ("Section 2254"). This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)     the applicant has exhausted the remedies available in the courts of the State; or

(B)     (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."

*Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[4] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through

---

[4] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

direct appeal or through an appeal from the denial of the PCR application, regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

> b.     Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue when he failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an

earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (*quoting Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)).

c.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495–96. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

3.    Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. at 694. Petitioner bears the burden of proving an error and prejudice in his ineffective assistance of counsel claim. *Id.*

D.    Analysis

1.    Procedurally-Barred Grounds

Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152,165–66 (1996). It is Petitioner's burden to raise cause and prejudice or actual innocence. If not raised by Petitioner, the court need not consider the defaulted claim. *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995).

Respondent notes that Petitioner has exhausted his available state court remedies. Resp't Br. at 11–12.  Respondent then argues that all of Petitioner's claims for relief are procedurally barred because Petitioner did not properly exhaust his claims in state court. The undersigned agrees.

a.    Two Issues Barred Because Not Raised Below

Two issues Petitioner raises in his habeas petition were never raised before the state court: his Ground One claim includes the assertion that an involuntary confession was used against him; his Ground Three claim includes his assertion that his guilty plea was involuntary because plea counsel made an unrealistic request for a five-year sentence on his first degree burglary conviction.  Neither of these claims was ever raised in state court. Accordingly, Petitioner cannot now raise them in this federal habeas claim. *Smith v. Murray*, 477 U.S. at 533.

    b.  Remaining Issues Barred Because Not Properly Presented to South Carolina's Highest Court for Review

Respondent concedes that Petitioner's PCR application arguably raised the remaining claims in Grounds Two and Three. Resp't Br. at 11. However, Respondent claims these issues are procedurally barred from being pursued here because Petitioner did not properly appeal the denial of his PCR application to the Supreme Court of South Carolina. *Id.* at 12–13. The undersigned agrees.

Petitioner timely appealed the PCR court's denial of his PCR application by noticing the appeal on June 18, 2009 and filing a *Johnson* petition for writ of certiorari with the Supreme Court of South Carolina. The Supreme Court transferred the matter to the South Carolina Court of Appeals, which denied the petition for writ of certiorari on May 29, 2009. Petitioner then had 30 days from May 29, 2009 to appeal that denial to the Supreme Court of South Carolina pursuant to Rule 227(1), SCACR, which provides:

> (1) Transfer of Cases to the Court of Appeals. The Supreme Court may transfer a case filed under this rule [which governs certiorari to review post conviction relief actions] to the Court of Appeals. If transferred, the Court of Appeals shall proceed with the case in the same manner as the Supreme Court would have done under this rule with the exception that a petition for a writ of certiorari may be granted by one judge of a three-judge panel. *Review of any final decision of the Court of Appeals shall be by a petition for a writ of certiorari under Rule 226, SCACR.*

SCACR 227(1) (emphasis added). Rule 226 provides that a petition for a writ of certiorari must be filed with the Supreme Court within 30 days after the final decision of the Court of Appeals. Rule 226, SCACR. Petitioner did not properly seek review of the Court of Appeals' final decision in this manner.

Accordingly, South Carolina's courts would find any attempt to raise these claims now to be procedurally improper, making all of Plaintiff's Grounds procedurally barred from review in federal habeas corpus. *See, e.g., Coleman v. Thompson*, 501 U.S. 722 (issue not properly raised to state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996) (issues not presented to the state's highest court may be treated as exhausted if it is clear that the claims would be procedurally defaulted under state law if the petitioner attempted to raise them now).

Therefore, to the extent that Grounds One, Two, and Three, as amended, were not fairly presented to the South Carolina appellate courts, they are procedurally barred from federal habeas review absent a showing of cause and actual prejudice, or actual innocence. *Wainwright v. Sykes*, 433 U.S. at 87; *Matthews v. Evatt*, 105 F.3d 907; *Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

2.    Petitioner Has Not Demonstrated Cause or Actual Prejudice

The existence of cause must ordinarily turn on whether the petitioner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on his grounds. Petitioner had a direct belated appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues; however, he failed

to raise them, raise them properly, or otherwise preserve these issues for habeas review. Petitioner cannot establish cause and actual prejudice because he has consistently abandoned opportunities to preserve these specific issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *See Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

Here, Petitioner could not reasonably assert actual innocence. During the guilty plea proceeding, he agreed that the facts as stated were correct. [App. at 10]. He specifically admitted guilt regarding each charge against him.

In light of the evidence presented at the guilty plea, Petitioner cannot show actual innocence. Because Petitioner cannot establish actual innocence, the procedural bars applies.

III.   Conclusion

For the foregoing reasons, the court recommends that Respondent's motion for summary judgment be granted, and Petitioner's motions for summary judgment should be denied.

IT IS SO RECOMMENDED.

January 24, 2011                              Shiva V. Hodges
Florence, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**