IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Troy Eugene Barton, #295182, | ) | C/A NO. 1:10-289-CMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Warden Michael McCall, Perry Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On January 24, 2011, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Petitioner has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation except for elements of the discussion pertaining to the exhaustion of Grounds Two and Three.

The Report states that Ground Three is procedurally barred from consideration in this court because it was "never raised" before the state court. Report at 15. However, as noted by Respondent, this claim was "arguably" raised in the PCR application and "arguably" ruled upon by the PCR court, Return at 11, 12 (Dkt. #20, filed Apr. 21, 2010). Indeed, Ground Three was the one claim in Petitioner's writ of certiorari to the South Carolina Supreme Court afer the denial of his PCR. *See* Attachment to Return, Dkt. #20-8 at 3 (filed Apr. 21, 2010).

The Report also states that "Respondent claims these issues [Grounds Two and Three] are procedurally barred from being pursued here because Petitioner did not properly appeal the denial of his PCR application to the Supreme Court of South Carolina." Report at 16. Respondent does not make this argument, and the undersigned therefore rejects this discussion as relates to this matter.[1] Indeed, the Return addresses the merits of Ground Two and does not address procedural

---

[1]The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in*

2

bar. *See* Return at 17-21. Rather, Respondent's argument goes to Petitioner's failure to present Grounds One and Three in any "procedurally viable manner" to the South Carolina appellate courts. Resp. Return at 12 (Dkt. #20, filed Apr. 21, 2010).

Because the Magistrate Judge found all of Petitioner's grounds for relief barred from consideration in this court, the Report does not include a discussion of the merits of Ground Two. The court has reviewed the entire record of this matter, and for the reasons stated by Respondent in its discussion relating to Ground Two, with which the court agrees and adopts, the court finds that Ground Two is without merit.

Respondent's motion for summary judgment is **granted** and this petition is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:
(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676,

---

*Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). In *McKennedy*, the South Carolina Supreme Court specifically held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "*outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan* [ *v. Boerckel*, 526 U.S. 838 (1999)]." 559 S.E.2d at 854. Because the South Carolina Supreme Court has held that presentation of certain claims to the South Carolina Court of Appeals without more is sufficient to exhaust state remedies, the court finds that Petitioner's claim is not procedurally barred for failure to pursue review after direct appeal to the South Carolina Supreme Court.

3

683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON M<small>C</small>GOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
February 22, 2011

C:\Documents and Settings\moc41\Local Settings\Temp\notesFFF692\10-289 Barton v. McCall adopt rr except filing cert petition in SC Supreme Court gr Resp sumjgm deny cert app.wpd

4